FILED
2021 Apr-14 PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| KENNETH ALLEN CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 4:20-cv-01610-JHE |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

Plaintiff Kenneth Allen Caldwell ("Caldwell") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). Defendant moves to dismiss the complaint as untimely filed.[2] (Doc. 8). Because there are no extraordinary circumstances to equitably toll the statute of limitations, the Commissioner's motion (doc. 8) is **GRANTED**.

## I. Factual and Procedural History

On October 24, 2019, an Administrative Law Judge issued a decision denying Caldwell's claim for benefits under Titles II and XVI of the social Security Act. (Doc. 8-1 at ¶3(a)). Caldwell requested review of this decision. (*Id.*). On July 21, 2020, the Appeals Council denied Caldwell's

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

[2] Defendant alternatively moves for the motion to be treated as a motion for summary judgment pursuant Rule 56 of the Federal Rules of Civil Procedure. (Doc. 8 at 1).

request. (*Id.*). The Appeals Council sent, by mail addressed to Caldwell and a copy to his representative, a notice of its decision denying Caldwell's request for review. (*Id.*). The notice contained information regarding Caldwell's right to commence a civil action within sixty days of the date of receipt. (*Id.*). The notice explained that receipt would be presumed after five days unless Caldwell demonstrated to the Appeals Council that he did not receive it within the five-day period. (*Id.* at 31). The notice further explained:

> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Doc. 8-1 at 31).

Caldwell did not request an extension of time to file for judicial review. (*Id.* at ¶3(b)). Thus, Caldwell had sixty days from his receipt of the Appeals Council's notice to file his complaint. 42 U.S.C. § 405(g). The notice was dated July 21, 2020 (doc. 8-1 at 30), and, allowing a presumed five days for receipt of the mailed notice, Caldwell's deadline to file his complaint was September 24, 2020. Caldwell filed his complaint on October 14, 2020. (Doc. 1).

Caldwell, through counsel, contends he moved and never received the Appeals Council Notice. (Doc. 10 at 1). However, former counsel received the Appeals Council Notice on July 30, 2020. (*Id.* at 2). Former counsel then referred Caldwell's case to Allenstein & Allenstein ("A&A") on August 26, 2020. (*Id.* at 1). On September 23, 2020, one day before the filing deadline, A&A attempted to contact Caldwell, but was unable to reach him. (*Id.*). A&A sent Caldwell a letter at his old address on September 28, 2020 and September 30, 2020, both of which were returned. (*Id.*). After obtaining an updated phone number for Caldwell, A&A was able to send him a Hardship Affidavit and have it signed on October 13, 2020. (*Id.* at 2). A&A filed the complaint the next day on October 14, 2020. (*Id.*). Caldwell contends he was unaware of the

Appeals Council Notice until A&A called him, and he signed the Hardship Affidavit on October 13, 2020. (*Id.*).

A&A contends they experienced a "shortage of employees due to COVID-19" and "limited people and clients from entering the office" from August 26, 2020 to October 13, 2020. (Doc. 10 1 & 2). A&A further states that normally they would write the Appeals Council and ask permission to file a complaint after the sixty-day deadline. (*Id.* at 2). Counsel for Caldwell states he asked his paralegal to do so, but they "apparently failed to write such a letter in this case." (*Id.*). Caldwell argues his case should not be dismissed based on equitable tolling. (*Id.* at 1-2).

## II. Analysis

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (citations omitted). Congress may prescribe the procedures and conditions under which judicial review of administrative orders may proceed. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The exclusive jurisdictional basis for judicial review of final decisions of the Commissioner on claims arising under Title II and XVI of the Act is provided by § 205(g) of the Act, 42 U.S.C. § 405(g). Where a right, such as the right to sue, is a creature of statute and the statute provides a special remedy, that remedy is exclusive. *United States v. Babcock*, 250 U.S. 328, 331 (1919). The remedy provided in § 205(g) is exclusive. *Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007).

The Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g) (emphasis added).

The Commission, by regulation, has interpreted "mailing" as the date the individual receives the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. 20 C.F.R. 404.981. The Commissioner presumes the date of receipt is five days after the date of such notice unless the claimant makes a reasonable showing to the contrary to the Appeals Council. 20 C.F.R. 404.901, 422.210(c). The Commission has interpreted this provision to mean a complaint is timely filed if it is filed within sixty-five days of the date on the Appeals Council's notice. 20 C.F.R. 404.901, 404.981, 422.210(c).

Caldwell had sixty days from his receipt of the Appeals Council's notice to file his complaint in this Court. 42 U.S.C. §405(g). The Appeals Council's notice is dated July 21, 2020, and, allowing a presumed five days for receipt of the mailed notice, Caldwell's deadline was September 24, 2020. (Doc. 8-1 at 31). *See* 20 C.F.R. 404.901, 404.981, 422.210(c).

There is no dispute that Caldwell's complaint was untimely. Caldwell contends the action should not be dismissed based on equitable tolling. (Doc. 10 at 1). "[T]raditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007). In *Jackson*, the Eleventh Circuit distinguished the "extraordinary circumstances" test from the less stringent "good cause" standard applicable to requests made to the Appeals Council to "extend the deadline for filing a complaint in federal district court." *Id.* at 1355 (citation and footnote omitted). As the court explained, "[w]here, as here, the claimant is asking a United States District Court to equitably toll the 60-day statute of limitations, the standard is more demanding." *Id.* at 1355-56 (emphasis added) (citation omitted).

The Eleventh Circuit also clarified in *Jackson* that it had "defined 'extraordinary

4

circumstances' narrowly, and [that] ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." *Id.* at 1356. Relying on Supreme Court authority, the Eleventh Circuit also pointed out that "principles of equitable tolling . . . do not extend to what is at best *a garden variety claim of excusable neglect*." *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (emphasis added)).

While Caldwell offers several reasons for the late filing, nothing rises to the level of extraordinary circumstances required for equitable tolling. Caldwell's former counsel received actual notice from the Appeals Council on July 30, 2020. (Doc. 8 at 2). The file was then referred to A&A on August 26, 2020. (*Id.* at 1). Thus, from this date, Caldwell had four more weeks to either file the complaint or seek an extension. The undersigned is not unsympathetic to A&A's situation during the relevant period. Having to operate with limited personnel and having to limit access to the office due to COVID-19 is a considerable inconvenience. However, nothing in Caldwell's response to the motion to dismiss explains why A&A could not send a letter to the Appeals Council during this four-week period asking for an extension of time. In fact, Caldwell's counsel states he asked a paralegal to do so, but that it did not happen.[3] This is, at most, the type of "excusable neglect" specifically not covered by equitable tolling. *See Jackson*, 506 F.3d at 1356.

To the extent Caldwell claims he never received the Appeals Council's notice, he must make that showing to the Appeals Council to be allowed additional time to file a judicial complaint. *See* 20 C.F.R. 404.901, 422.210(c). No such attempt was made in this case. Furthermore, there is no indication in the record, or even argument made, that Caldwell attempted to provide his updated

---

[3] Although Caldwell's brief references several exhibits, none were filed with the response to the motion. (*See* doc. 10). However, for purposes of the motion, the undersigned has considered representations of counsel to be true.

address to counsel or the Commissioner. It is not the Commissioner's responsibility to track-down a claimant's whereabouts.

### III. Conclusion

For the reasons stated above, the Commissioner's motion (doc. 8) is **GRANTED**, and the complaint is due to be **DISMISSED WITH PREJUDICE**. A separate order will be entered.

DONE this 14th day of April, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE